[659 NYS2d 71]

In the Matter of DANIEL A. ERIKSEN (Admitted as DANIEL AL-
BERT ERIKSEN), an Attorney, Respondent. GRIEVANCE COM-
MITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 16, 1997

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Brennan, Fabriani & Novenstern,* Mount Kisco *(Sylvia L. Fabriani* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The petition contains five charges of professional misconduct

against the respondent. After a hearing, the Special Referee sustained all five charges. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent opposes the Grievance Committee's motion, but agrees that Charges Two and Three are sustained by a preponderance of the evidence.

Charge One alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District. The facts underlying Charge One are as follows:

1. On or about August 16, 1995, the petitioner received a complaint from Dr. Michael J. Madden.

2. On or about August 18, 1995, Dr. Madden's complaint was transferred to the Westchester County Bar Association (hereinafter the Bar Association).

3. By a letter dated August 30, 1995, the Bar Association forwarded a copy of Dr. Madden's complaint to the respondent. It requested that he submit an answer by September 15, 1995.

4. The respondent failed to submit an answer by September 15, 1995.

5. By a letter dated September 26, 1995, the Bar Association requested that the respondent submit an answer to the complaint by October 18, 1995.

6. Instead of submitting an answer, the respondent, by a letter dated October 17, 1995, stated that he had begun to draft an answer, but he had not completed it. He requested an extension to November 6, 1995.

7. The respondent failed to submit an answer by November 6, 1995.

8. By a letter dated November 16, 1995, the Bar Association requested that the respondent submit an answer to the complaint by November 30, 1995. The Bar Association advised the respondent that, if he failed to submit an answer, the complaint would be returned to the petitioner due to his failure to cooperate.

9. The respondent failed to submit an answer by November 30, 1995.

10. By a letter dated January 19, 1996, the Bar Association advised the respondent that, due to his lack of cooperation, the complaint was being returned to the petitioner.

11. By a letter dated January 23, 1996, the petitioner forwarded a copy of the complaint to the respondent. The petitioner requested that the respondent submit an answer and address the allegation that he failed to cooperate with the Bar Association within 10 days of his receipt thereof.

12. The respondent failed to submit an answer within the 10-day period.

13. By a letter dated February 9, 1996, which was sent by certified and regular mail, another copy of the complaint was forwarded to the respondent. The respondent was directed to submit an answer within 10 days of his receipt thereof. The return receipt is dated February 12, 1996.

14. The respondent failed to submit an answer.

Charge Two alleged that the respondent failed to provide a client in a domestic relations matter with a statement of the client's rights and responsibilities, in violation of 22 NYCRR 1200.10-a and 22 NYCRR part 1400. The facts underlying Charge Two are as follows:

1. In or about February 1995, the respondent was retained by Dr. Michael J. Madden regarding a petition for a downward modification of child support payments that was filed in the Family Court, Westchester County, in or about November 1994.

2. Upon information and belief, the respondent failed to provide Dr. Madden with a statement of client's rights and responsibilities.

Charge Three alleged that the respondent entered into an arrangement for, charged, or collected a fee in a domestic relations matter without a written retainer agreement in violation of Code of Professional Responsibility DR 2-106 (C) (2) (ii) (22 NYCRR 1200.11 [c] [2] [ii]) and 22 NYCRR 1400.3. The facts underlying Charge Three are as follows:

1. In or about February 1995, the respondent was retained by Dr. Michael J. Madden regarding a petition for a downward modification of child support payments that was filed in the Family Court, Westchester County, in or about November 1994.

2. Upon information and belief, the respondent failed to provide Dr. Madden with a written retainer agreement.

Charge Four alleged that the respondent handled a legal matter without adequate preparation, in violation of Code of Professional Responsibility DR 6-101 (A) (2) (22 NYCRR 1200.30

[a] [2]) and neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). The facts underlying Charge Four are as follows:

1. In or about February 1995, the respondent was retained by Dr. Michael J. Madden regarding a petition for a downward modification of child support payments that was filed in the Family Court, Westchester County, in or about November 1994.

2. The respondent failed to investigate whether there was any reasonable basis to establish a substantial change of circumstances to warrant a modification of support pursuant to Domestic Relations Law § 236.

3. The respondent failed to oppose a petition for, *inter alia,* an upward modification of child support that was filed by Dr. Madden's ex-wife.

Charge Five alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). The facts underlying Charge Five are as follows:

1. In or about February 1995, the respondent was retained by Dr. Michael J. Madden regarding a petition for a downward modification of child support payments that was filed in the Family Court, Westchester County, in or about November 1994.

2. In or about July 1995, the respondent presented a bill to his client, Dr. Madden, to which the client objected.

3. The respondent failed to communicate with his client regarding the objections to the bill and failed to inform his client of his right to elect to arbitrate the fee dispute.

In his answer, the respondent admitted the factual allegations contained in Charge One, but denied that he engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law. The respondent also admitted the factual allegations contained in Charges Two and Three and denied Charges Four and Five in their entirety.

In view of the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained all five charges.

In determining an appropriate measure of discipline to impose, we have considered the mitigation evidence offered by the respondent, including his deteriorating health, his marital problems, and the deaths of his first wife, his father, and pres-

ent wife's father. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Daniel A. Eriksen, is censured for his professional misconduct.